T. Paul ICane, J.
State of New York as plaintiff .seeks to recover from the defendants the sum of $239.02 for damage to certain guardrails along a State highway upon the grounds of the negligence of the defendants in the operation of an automobile that struck and damaged the particular guardrails.
Before the court is a motion by the plaintiff to strike a defense set forth in the answer upon the grounds that a defense is not stated. (CPLR 3211, subd. [b].) The defense in question presents an issue of first impression and reads as follows:
‘‘ 4. That defendant was a traveler upon the highway for whose special use and benefit said guide rails and posts were erected and as a citizen of the State of New York, was entitled to the protection they afforded as a safety device without charge or cost, and if said posts and rails were damaged while they were hit by defendant and while serving their function as a safety device, plaintiff is not entitled to recover the cost of said damage.”
In raising this issue, the defendants question the right of the plaintiff to bring the within action, citing various statutory provisions outlining duties with respect to public transportation which they allege should be construed to limit such actions (Highway Law, § 11, subd. 5; § 12, subd. 1; § 30, subd. 2). Defendants assert further the duty of the plaintiff to provide guardrails for the improvement of safety upon the highway and its duty to maintain and repair such items as well as its liability for a breach of that duty. (Red Apple Rest v. McMorran, 17 A D 2d 678; Neddo v. State of New York, 300 N. Y. 533; Jerry v. State of New York, 15 A D 2d 717.) The basic contention of defendants, therefore, is that guardrails, being a safety measure or device, are part of the over-all responsibility of the State with respect to its tax paying public; and absent any specific authority, either statutory or decisional, the State is not entitled to reimbursement for damages to such *298 items when they are merely performing their designated function.
The State, on the other hand, bases its action upon common-law negligence, contending that one is held responsible for his own lack of due care regardless of the public nature of the property damaged. An effort is made by the plaintiff to convert guardrails into guideposts and thus bring it within a statute creating a right of action, but this attempted legerdemain has heretofore been rejected in the within case by another Justice of this court, with whom this court concurs (Highway Law, § 320; Opn. Hon. DeForrest C. Pitt, Sup. Ct., Albany County, dated Feb. 23, 1968).
While defendants’ contentions may have more merit than would at first appear, they are still untenable. The rationale may appear to have logic, but the irresistible conclusion is that guardrails are placed upon highways as a safety measure and their mere presence does not invite such an affirmative and indelicate use. Negligent destruction of guardrails is obviously not normal wear and tear nor a commonly accepted practice. Their function becomes directly operative in time of an emergency usually created by the beneficiary of their presence or by the negligence of others. If this negligence can be established, the State of New York or any other instrumentality or division thereof is entitled to recover for damage to its property (55 N. Y. Jur., State of New York, § 192).
It is true that the duty of the State to provide adequate guardrails is coupled with the responsibilty for failure to comply with that duty. (Countryman v. State of New York, 251 App. Div. 509.) But this duty is not absolute. Liability arises only where the situation is inherently dangerous, or of such an unusual character as to mislead a traveller exercising reasonable care. There is no duty to fence a road or to provide barriers merely to prevent travellers from straying off the highway (40 C. J. S., Highways, § 262, pp. 307, 308). In addition the right and privilege to use the highways of the State of New York is coupled with the responsibility for a negligent act which is a proximate cause of any damage to person -or property sustained by the -State of New York or any other party. (Vehicle and Traffic Law, §§ 1120,1131).
Accordingly, and for the reasons stated, the motion is granted and the defense set forth in the answer is dismissed.